IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MARTIN ALCARAZ**,

        Plaintiff,

vs.                                                        CIV. NO.  10-0163 JAP/ACT

**APPLEBEE'S; LYNN PEDRO**,

        Defendants.

**MEMORANDUM OPINION AND ORDER DISMISSING COMPLAINT**

THIS MATTER is before the Court on *pro se* Plaintiff Martin Alcaraz's Motion to Proceed *In Forma Pauperis*, filed Feb. 23, 2010 [Doc. 2] and on the Court's concomitant obligation "to review the affidavit and screen his case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005).  "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Id.* at 1312.  Regarding the ability-to-pay prong of the analysis, IFP status should be granted only if a plaintiff "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The Court first notes that Alcaraz, who is currently employed and married with no dependents, has not satisfied the IFP requirements because he has not filled out the sections of the financial affidavit showing how much money he has in bank and savings accounts and what his other assets are. *See* Doc. 2 at 3.  Failure to "fill out the proper forms or to otherwise provide the district court with the requisite information" in a sworn affidavit is grounds to deny a motion to proceed IFP because the Court is not required to rely on a plaintiff's "bald assertions" that he is

unable to pay fees. *Lister*, 408 F.3d at 1313. The affidavit requirement also serves as a deterrent function because "[o]ne who makes this affidavit exposes himself to the pains of perjury in a case of bad faith. . . . This constitutes a sanction important in protection of the public against a false or fraudulent invocation of the statute's benefits." *Adkins*, 335 U.S. at 338 (internal quotation marks omitted). The perjury sanction thus serves to protect the public against misuse of public funds by a litigant with adequate funds of his own.

The Court concludes that Alcaraz has not satisfied his obligation to present an affidavit showing that, because of his poverty, he cannot pay filing fees and supply himself with the necessities of life. His motion to proceed IFP must be denied and his Complaint must be dismissed. *See Trujillo v. Williams*, 465 F.3d 1210, 1217 n.5 (10th Cir. 2006); *Lemons v. K.C. Mo. Police*, No. 05-1254, 158 Fed. Appx. 159, 160, 2005 WL 3388580, **1 (10th Cir. Dec. 13, 2005) (stating that, if the plaintiff fails to sufficiently demonstrate an inability to pay filing fees, the Court should dismiss the complaint without prejudice, after which the plaintiff "may initiate a new action by 1) refiling his complaint and 2) paying the [] filing fee required under 28 U.S.C. § 1914 . . .").

The Complaint must also be dismissed for lack of subject-matter jurisdiction. "Federal courts are courts of limited jurisdiction, and the presumption is that they lack jurisdiction unless and until a plaintiff pleads sufficient facts to establish it." *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994). "[T]he party pleading jurisdiction must allege in his pleading the facts essential to show jurisdiction." *Id.* (internal quotation marks omitted). Alcaraz used a standard, typewritten, civil-rights-complaint form that the Court provides to litigants for cases they desire to bring under 42 U.S.C. § 1983. *See* Complaint [Doc. 1] at 1. He checked a box indicating that Applebee's, a private corporation, and its General Manager Lynn Pedro, were acting "under color of state law," and asserts federal jurisdiction under the "ADEA" and "Title VII of the Civil Rights Act of 1964." *Id.*

at 1-2. The remainder of the Complaint, however, is totally devoid of any factual allegations regarding either Defendant. *See id.* at 2-6. Alcaraz has alleged no facts showing that "some person has deprived him of a federally protected right;" and "that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). If Alcaraz decides to file a sufficient motion to proceed IFP (or pays the filing fees) and submits an amended complaint for violation of § 1983, the ADEA, or Title VII, he should specify the dates the alleged events and injury occurred and exactly what happened and who was involved. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("a district court might helpfully advise a pro se litigant that, to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"). Regarding a Title VII claim, he must also be prepared to show either that he filed a timely charge of discrimination with the EEOC and received a right-to-sue letter, and has timely filed suit in federal court, or that his failure to comply with the preconditions to filing suit under Title VII should be excused under the principles of waiver, estoppel, or equitable tolling. *See Arroyo v. Starks,* 589 F.3d 1091, 1097-98 (10th Cir. 2009) (noting that "there is no heightened pleading requirement and a pro se plaintiff does not have to anticipate affirmative defenses in his complaint;" noting that the Tenth Circuit has "recognized the long-standing rule that '[i]f the allegations ... show that relief is barred by the applicable statutes of limitations, the complaint is subject to [sua sponte] dismissal for failure to state a claim' . . . when it is 'clear from the face of the complaint [and is] rooted in adequately developed facts;'" but also noting that "a statute of limitation is subject to tolling" and holding that a complaint should not be dismissed *sua sponte* without notice if there is any indication in the complaint that tolling factors may exist).

Because Alcaraz has failed to allege any facts demonstrating this Court's subject-matter jurisdiction, the Court must dismiss his Complaint. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

**IT IS THEREFORE ORDERED** that Alcaraz's Motion to Proceed IFP [Doc. 2] is DENIED and the Complaint is DISMISSED without prejudice.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**